**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edwardo Mario BARRIOS,**
**Defendant–Appellant.**

No. 07–40777
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 9, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM: *

Edwardo Mario Barrios (Barrios) pleaded guilty to illegally attempting to reenter the United States following deportation after having been convicted of an aggravated felony. Barrios was sentenced to a 75–month term of imprisonment and a two-year term of supervised release. Barrios argues that his prior California convictions for robbery and witness intimidation are not crimes of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Barrios's conviction for robbery in violation of CAL.PENAL CODE § 211 is a crime of violence under § 2L1.2 because the statutory definition of the offense "falls within the generic or contemporary meaning of robbery." *United States v. Tellez–Martinez,* 517 F.3d 813, 815 (5th Cir.2008). Thus, the sentence enhancement based on Barrios's robbery conviction was proper, and the district court properly calculated the advisory guidelines range. As it is unnecessary for us to determine whether Barrios's conviction for witness intimidation is a crime of violence, we forego consideration of that issue.

In light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Barrios challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

For the foregoing reasons, the judgment of the district court is AFFIRMED.